UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON D. MITCHELL, #197028,

        Petitioner,

                                      CASE NO. 03-CV-73548-DT
v.                                    HON. DENISE PAGE HOOD

ANDREW JACKSON,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE
AMENDED PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 17)</u>**

        This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aaron D. Mitchell ("Petitioner") was convicted of first-degree felony murder and unlawful driving away in an automobile following a jury trial in the Kent County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and three to five years imprisonment on those convictions in 1988. Petitioner filed a federal habeas petition with this Court in 2003, which was dismissed with prejudice as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 6. The Court also denied a certificate of appealabilty. ECF No. 14. Petitioner filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for want of prosecution

in 2004. ECF No. 15. The Sixth Circuit also denied Petitioner authorization to file a second or successive habeas petition in 2016. ECF No. 16.

The matter is now before the Court on Petitioner's amended petition for a writ of habeas corpus, filed in September, 2019. ECF No. 17.[1] Petitioner, however, cannot amend his prior habeas petition because it is no longer pending before the Court. While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994). No such action has occurred here. The Court dismissed the first habeas petition, closed the case, and did not retain jurisdiction over the matter. Petitioner's proper recourse is to file a new habeas petition in accordance with the federal rules, not to reopen this closed case.

---

[1] Because this case was closed, the amended habeas petition was inadvertently not flagged for the Court's review at the time it was filed.

Additionally, because Petitioner has already filed a federal habeas petition challenging the same convictions, which was dismissed with prejudice, he must obtain appellate authorization from the Sixth Circuit in order to proceed on a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3). He has not done so.

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the amended petition for a writ of habeas corpus. This case is closed. The Court expresses no opinion as to the procedural or substantive merits of Petitioner's current claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

3

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/Denise Page Hood
United States District Judge

Dated: May 13, 2021