UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON D. MITCHELL, #197028,

        Petitioner,

v.
                                    CASE NO. 03-CV-73548-DT
                                    HON. DENISE PAGE HOOD

ANDREW JACKSON,

        Respondent.
_____/

**<u>ORDER DENYING MOTION FOR BAIL/BOND (ECF No. 20)</u>**

      This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aaron D. Mitchell ("Petitioner") was convicted of first-degree felony murder and unlawful driving away in an automobile following a jury trial in the Kent County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and three to five years imprisonment on those convictions in 1988. Petitioner filed a federal habeas petition with this Court in 2003, which was dismissed with prejudice as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 6. The Court also denied a certificate of appealabilty. ECF No. 14. Petitioner filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for want of prosecution

in 2004.  ECF No. 15.  The Sixth Circuit also denied Petitioner authorization to file a second or successive habeas petition in 2016.  ECF No. 16.

Petitioner filed an amended habeas petition in 2019.  ECF No. 17.  The Court dismissed that amended habeas petition without prejudice because the case was closed and no longer pending before the Court and because Petitioner had not obtained appellate authorization to file a second or successive habeas petition.  ECF No. 18.

The matter is now before the Court on Petitioner's motion for bail/bond.  ECF No. 20.  The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted].  There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).  Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984).  However, to grant bond prior to making a determination on the merits is extraordinary.  *See Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975). Given the Court's dismissal of the original and amended habeas petitions, Petitioner's request for release on bail or bond is

unwarranted and moot.  Accordingly, the Court **DENIES** Petitioner's motion for bail/bond.  This case remains closed.  No further pleadings should be filed in this matter.  Additional pleadings may be stricken.

**IT IS SO ORDERED**.

s/Denise Page Hood
United States District Judge

Dated:  May 20, 2021