UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON D. MITCHELL, #197028,

       Petitioner,

v.
                                    CASE NO. 03-CV-73548-DT
                                    HON. DENISE PAGE HOOD

ANDREW JACKSON,

       Respondent.
_____/

**ORDER GRANTING IN PART PETITIONER'S RULE 60(B) MOTION (ECF No. 25), TRANSFERRING THE AMENDED HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, AND DENYING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND/OR FOR A CERTIFICATE OF APPEALABILITY (ECF No. 27)**

       This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aaron D. Mitchell ("Petitioner") was convicted of first-degree felony murder and unlawful driving away in an automobile following a jury trial in the Kent County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and three to five years imprisonment on those convictions in 1988. Petitioner filed a federal habeas petition with this Court in 2003, which was dismissed with prejudice as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 6. The Court also denied a certificate

of appealabilty. ECF No. 14. Petitioner filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for want of prosecution in 2004. ECF No. 15. The Sixth Circuit also denied Petitioner authorization to file a second or successive habeas petition in 2016. ECF No. 16.

Petitioner filed an amended habeas petition in 2019. ECF No. 17. The Court dismissed that amended habeas petition without prejudice because the case was closed and no longer pending before the Court and because Petitioner had not obtained appellate authorization to file a second or successive habeas petition. ECF No. 18.

The matter is now before the Court on Petitioner's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) in which he seeks to have the Court transfer his amended habeas petition to the Sixth Circuit to obtain for authorization to proceed on a second or successive habeas petition, ECF No. 25, as well as his motion to proceed in forma pauperis on appeal and/or for a certificate of appealabilty. ECF No. 27.

Under Federal Rule of Civil Procedure 60(b), a federal court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic

or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Having reviewed the matter, the Court finds that it did not err in denying Petitioner's request to amend his habeas petition because his original habeas petition was dismissed with prejudice (as untimely) and this case had been closed for many years. Nonetheless, to the extent that Petitioner seeks to proceed on new habeas claims, i.e., to file a second or successive habeas petition, the Court does have the authority to transfer the matter to the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). Accordingly, the Court **GRANTS IN PART** Petitioner's motion for relief from judgment and **ORDERS** the Clerk of the Court to transfer the amended habeas petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed

F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Lastly, given this determination and the impending transfer to the Sixth Circuit, the Court **DENIES** Petitioner's motion to proceed in forma pauperis on appeal and/or for a certificate of appealability as unnecessary and moot.

**IT IS SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2021

---

in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.