UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON D. MITCHELL, #197028,

        Petitioner,

v.                                                   CASE NO. 03-CV-73548-DT
                                                   HON. DENISE PAGE HOOD

ANDREW JACKSON,

        Respondent.
_____/

**<u>ORDER DENYING RULE 60(b) MOTIONS (ECF Nos. 33 &35)</u>**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aaron D. Mitchell ("Petitioner") was convicted of first-degree felony murder and unlawful driving away in an automobile following a jury trial in the Kent County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and three to five years imprisonment on those convictions in 1988. Petitioner filed a federal habeas petition with this Court in 2003, which was dismissed with prejudice as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 6. The Court also denied a certificate of appealabilty. ECF No. 14. Petitioner filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for want of prosecution

in 2004.  ECF No. 15.  The Sixth Circuit also denied Petitioner authorization to file a second or successive habeas petition in 2016.  ECF No. 16.

Petitioner filed an amended habeas petition in 2019.  ECF No. 17.  The Court dismissed that amended habeas petition without prejudice because the case was closed and no longer pending before the Court and because Petitioner had not obtained appellate authorization to file a second or successive habeas petition.  ECF No. 18.  On Petitioner's request, the Court subsequently transferred his amended habeas petition to the Sixth Circuit to obtain for authorization to proceed on a second or successive habeas petition, ECF No. 30.  The Sixth Circuit denied such authorization.  ECF Nos. 31, 34.  The matter is now before the Court on Petitioner's two motions for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) in which he seems to seek relief from the Court's dismissal of his original habeas petition and the Court's dismissal (and subsequent transfer) of his amended habeas petition.  ECF Nos. 33, 35.

Under Federal Rule of Civil Procedure 60(b), a federal court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic

2

or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

To the extent that Petitioner seeks relief from judgment as to the dismissal of his initial habeas petition, his request is untimely and lacks merit. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1); *Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his current motions for relief from judgment within one year or within a reasonable time given that the Court dismissed his initial habeas petition in October, 2003 and he dated his current motions in November, 2021 and January, 2022. Petitioner fails to provide an adequate explanation for the extensive delay in filing his motions. His motions are therefore untimely to the extent that he challenges the Court's dismissal of his initial habeas petition.

Additionally, as to the merits, Petitioner fails to show that the Court erred in dismissing his initial habeas petition as untimely under the one-year statute of limitations applicable to federal habeas actions, or that the interests of justice warrant re-opening his case. To the extent that Petitioner re-argues issues previously addressed by the Court and/or raises issues which could have been presented in his initial habeas proceeding through the exercise of reasonable diligence, his allegations do not warrant the extraordinary remedy he seeks in this action. Petitioner fails to show that he is entitled to relief under Rule 60(b).

To the extent that Petitioner seeks relief from judgment as to the Court's dismissal of his amended habeas petition (and later transfer to the Sixth Circuit), his request is timely, but nonetheless lacks merit. The Court did not err in dismissing his amended habeas petition, i.e., denying his request to reopen the case and proceed on his amended habeas petition, because his original habeas petition was dismissed with

prejudice as untimely and the case had been closed for many years.

Additionally, contrary to Petitioner's assertions, the Court properly transferred the amended habeas petition to the Sixth Circuit as a second or successive petition. A prior dismissal with prejudice has a preclusive effect under 28 U.S.C. § 2244. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both decisions on the merits and certain decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997). For example, a dismissal with prejudice based on procedural default has preclusive effect such that a subsequent habeas petition would be second or successive, *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). The same is true for a dismissal with prejudice based on the statute of limitations. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's initial habeas petition was dismissed with prejudice as untimely. Consequently, his subsequent amended habeas petition was a second or successive petition that was properly transferred to the Sixth Circuit. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought

5

§ 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").[1] Petitioner fails to show that he is entitled to relief under Rule 60(b). Accordingly, the Court **DENIES** Petitioner's motions for relief from judgment.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

---

[1] The Court further notes that the amended habeas petition was transferred to the Sixth Circuit at Petitioner's request such that he cannot now complaint of that action.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

In this case, Petitioner fails to show that jurists of reason would find it debatable that the Court abused its discretion by denying his Rule 60(b) motions. Accordingly, the Court **DENIES** a certificate of appealability. Lastly, given that the Sixth Circuit has already denied Petitioner authorization to file a second or successive habeas petition on multiple occasions, the Court will not (again) transfer the matter to the Sixth Circuit. This case remains closed. No further pleadings should be filed in this case. Further pleadings may be stricken as abusive.

Accordingly,

**IT IS SO ORDERED** that the Motions for Relief from Judgment (ECF Nos. 33 and 35) are DENIED.

**IT IS FURTHER ORDERED** that no certificate of appealability be issued.

s/Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2022